## Investment of Trust Funds. No. 2

MARGIOTTI, Attorney General, September 4, 1936. — We have your request to be advised concerning whether tax anticipation notes of the Commonwealth of Pennsylvania, $45,000,000 series BT, are legal investments for trust funds in this Commonwealth.

The tax anticipation notes were authorized by the Act of August 6, 1936, No. 36. Section 1 of the act authorizes the Governor, the Auditor General, and the State Treasurer, on behalf of the Commonwealth of Pennsyl-

vania, to borrow on the credit of the current revenues of the Commonwealth $45,000,000. Section 2(a) provides that "Such loans shall be evidenced by notes of the Commonwealth of Pennsylvania", which are declared to be tax anticipation notes, and which are to be issued subject to rates of interest not exceeding 4½ percent. Section 2(c) pledges the current revenues of the biennial fiscal period ending May 31, 1937, for the payment of interest and principal of these notes. The act provides further in section 4 that such loans shall first be paid out of new revenue raised by laws enacted at the special session of the legislature of 1936. The notes are also secured by the current revenues of every kind accruing to the General Fund, except those required for the payment of the previous series of tax anticipation notes issued under the authority of the Act of June 22, 1935, P. L. 442.

The constitutionality of the issuance of tax anticipation notes was upheld by the Supreme Court of Pennsylvania in the case of Kelly v. Baldwin et al., 319 Pa. 53 (1935).

On November 7, 1933, article III, sec. 22, of the Pennsylvania Constitution, relating to investments for trust funds, was amended to read as follows:

"The General Assembly may, from time to time, by law, prescribe the nature and kind of investments for trust funds to be made by executors, administrators, trustees, guardians and other fiduciaries."

Pursuant to this constitutional direction, the General Assembly enacted a comprehensive schedule of legal investments for fiduciaries in the Act of July 2, 1935, P. L. 545, which amended section 41(a) (1) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended. The 1935 amendment provides, in part, as follows:

"Subject to the conditions herein contained a fiduciary holding moneys to be invested may invest such moneys in:
. . . .
"Subsection (2). Pennsylvania Obligations. — Bonds, or other interest-bearing obligations of the Commonwealth of Pennsylvania, or those for the payment of the

principal and interest on which the faith and credit of the Commonwealth is pledged."

Although the loans in question are payable out of revenues of a specific fiscal period, the notes are nevertheless "interest-bearing obligations of the Commonwealth of Pennsylvania". The loans are evidenced by notes of the Commonwealth which are signed by the Governor, the Auditor General, and the State Treasurer, containing a facsimile of the great seal of the Commonwealth, and are secured by current revenues which are specifically appropriated for the payment of the principal and interest thereof. Moreover, the act specifically permits the payment of interest not exceeding 4½ percent per annum.

Accordingly, you are advised that tax anticipation notes of the Commonwealth of Pennsylvania, $45,000,000 series BT, are legal investments for trust funds in this Commonwealth.

From Frederic Ray, Harrisburg.